### LEOPOLD BUJAC, Agent, *v.* PIERRE LOSTE et al.

The administrator of a succession, as respects debts due to himself by the deceased, is upon the same footing as the other creditors.

The homologation of the account and tableau of distribution must be held conclusive upon the heirs of the deceased as well as upon all other persons.

APPEAL from the Second District Court of New Orleans, *Morgan*, J. *J. J. Michel*, for plaintiff. *P. S. Biron*, for defendants.

MERRICK, C. J. This case presents two questions for our consideration, viz:

1st. Whether the homologation (after the usual notices) of an administrator's account and tableau of distribution wherein he has placed himself as a creditor of the deceased, is binding upon the absent heirs in the absence of citation to the attorney of the absent heirs or the heirs themselves?

2d. Whether the administrator is bound to cause the houses belonging to the succession to be insured?

I. We see no reason to exclude the administrator from the benefit of Articles 1057 and 1172 of the Civil Code, as it respects debts due him by the deceased. He is so far as such debts are concerned a creditor. Now, as the law accords to the creditor the right to administer, in preference to certain other persons, it is not to be supposed that it was intended by the law-giver to place him, as it respects his claims against the deceased, in a worse condition than other persons. 1039, 1114.

We think that the homologation of the account and tableau of distribution must be held conclusive upon the heirs as well as upon all others. The authorities cited are, as we conceive, in no manner in conflict with the view here taken.

II. On the second point, we are not prepared to assert that there may not arise cases in which it would be the duty of the administrator to insure portions of the property of a succession.

The property destroyed by fire (the ground of complaint in this case) was a dwelling house at that time in the city of Lafayette, in the parish of Jefferson. It was a rough building, made of plank from flatboats, and not worth more than three hundred dollars. It is not shown that the building was in an exposed situation, or if exposed, that it was customary to insure in that neighborhood, and that the insurance could have been obtained at a reasonable rate. We do not think sufficient cause has been shown to throw the loss upon the administrator.

As the lower court decided the case in conformity with our views on these questions, the judgment appealed from must be affirmed.

Judgment affirmed.